UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY LOUIS GARROTT,<br><br>                Petitioner,<br><br>   v.<br><br>RON HAYNES,<br><br>                Respondent. | Case No. C19-233 RSL-MLP<br><br>REPORT AND RECOMMENDATION |

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter is before the Court on Petitioner's response to the Court's Order to Show Cause (dkt. # 11) regarding his successive petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging two state court convictions. (Dkt. # 12.) For the reasons detailed below, the undersigned recommends that Petitioner's petition be dismissed with prejudice.

**I.    BACKGROUND**

Petitioner has submitted a number of habeas petitions. With regard to his King County Superior Court guilty-plea convictions for residential burglaries that occurred in 2003 and 2005, Petitioner submitted a habeas petition ("first petition") in 2010 alleging (1) ineffective assistance of counsel (six grounds); (2) breach of the plea agreement; (3) prosecutorial vindictiveness; and (4) involuntariness of the guilty pleas. (*See Garrott v. Miller Stout*, Case No. 2:10-1458-JLR-

REPORT AND RECOMMENDATION - 1

JPD at Dkt. # 12.) The Report and Recommendation recommended dismissal of the petition with prejudice because the state-court adjudication of the exhausted claims was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented, and the remaining claims were procedurally defaulted. (*Id.* at Dkt. # 32.) The Report and Recommendation further recommended that Petitioner not be issued a certificate of appealability. (*Id.*) The Honorable James L. Robart adopted the Report and Recommendation and denied Mr. Garrott's petition. (*Id.* at Dkt. # 34.)

In the instant habeas petition ("second petition"), Petitioner seeks relief from the same two state court convictions on the grounds of (1) double jeopardy; (2) conflict of interest; and (3) vindictive prosecution. (Dkt. # 10 at 1, 3.) Petitioner listed his place of confinement as Stafford Creek Correction Center ("SCCC") in his petition (dkt. # 10), however, the Court's record shows he is no longer confined at SCCC and does not appear to be in custody at any correctional institution.

On April 19, 2019, the Court ordered Petitioner to show cause why his current petition should not be transferred to the Ninth Circuit as a second or successive petition, and why his current petition should not be dismissed for failing to show he is in custody on the matter for which he seeks relief. (Dkt. # 11 at 3-4.) Petitioner responded to the order to show cause, stating the "instant habeas petition seeks, corrected, constitutionally protected relief from the same two convictions." (Dkt. # 12.)

## II.    DISCUSSION

### A.    Second or Successive Petition

"The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. Appx. 29,

30 (9th Cir. 2003) (*citing Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). In addition, a petition "is second or successive only if it raises claims that were or could have been adjudicated on the merits." *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate he qualifies for a § 2244(b)(2) exception, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Ninth Circuit Rule 22-3(a) provides guidance:

> Any applicant seeking leave to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave under sections 2254 or 2255…. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.

Further, Circuit Advisory Committee Note to Rule 22-3 provides:

> The district court is required to transfer mistakenly filed applications for authorization to file a second or successive section 2254 petition ... If an applicant files a document that appears to be an unauthorized section 2254 petition ... and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice or, in the alternative, the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.

In Petitioner's response to the order to show cause, he effectively concedes his habeas petition is an unauthorized successive petition challenging the same two state court convictions

REPORT AND RECOMMENDATION - 3

that he challenged in his first petition. Although some of the claims Petitioner raises in his second petition appear to be different, there is no indication that he was not or could not have been aware of the factual predicate of those claims either when his convictions became final or when he filed his first petition. The claims Petitioner raises in his second petition thus could have been adjudicated on the merits in the first petition. Because of this, and because the first petition was denied on the merits, the second petition is second or successive. *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Here, Petitioner has made no showing that he has obtained authorization from the Ninth Circuit to proceed with the instant petition and he made no request to have his petition transferred to the Ninth Circuit for authorization in his response to the Court's order to show cause.

As Petitioner submitted an unauthorized § 2254 petition, the Court may refer it to the Court of Appeals in the interest of justice. The Court declines to recommend such a referral based on Petitioner's apparent concession, and, as discussed below, Petitioner's failure to show he is in custody. Thus, the undersigned recommends the Court dismiss Petitioner's second petition without prejudice.

**B.    Custody Requirement**

In order to challenge a criminal conviction, a habeas petitioner must be in custody on the matter for which he seeks habeas relief. *See* 28 U.S.C. §§ 2241(c), 2254(a). "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (quoting *Jones v Cunningham*, 371 U.S. 236, 240 (1963)); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if

the petitioner was in custody at the time of filing of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). It appears from the Court's record that Petitioner is not in custody, and Petitioner still has not made a showing that he is in custody. Because Petitioner is not "in custody" for purposes of establishing 28 U.S.C. § 2254 jurisdiction, and does not appear to have been "in custody" at the time he filed his habeas petition, the undersigned recommends Petitioner's petition be dismissed for lack of jurisdiction.

### III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue… only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ). The undersigned concludes that reasonable jurists would not find it debatable that the second petition should be dismissed for lack of jurisdiction. Accordingly, this Court recommends that Petitioner not be entitled to a certificate of appealability with respect to his second petition.

### IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the second petition (dkt. # 10) be dismissed with prejudice and that the certificate of appealability be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 28th day of May, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6